PEOPLE v. LA ROE

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—DIS-
CRETION.

> Judgment denying defendant's written motion to withdraw plea
> of guilty to second-degree murder, *held*, proper and not an
> abuse of discretion where plea was entered after plea bargain-
> ing, defendant was represented by counsel and, as an experi-
> enced criminal, knew of his right to jury trial and pleaded
> guilty on the date set for a jury trial (CL 1948, § 750.317).

2. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—EVIDENTIARY
HEARING.

> An evidentiary hearing must be held to determine the voluntari-
> ness of defendant's plea of guilty to a charge of second-degree
> murder since the trial court's refusal to hear defendant's tes-
> timony that his plea was the result of coercion, abuse, and mis-
> apprehension eliminates the factual evidence needed to deter-
> mine the validity of such charges.

3. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—EVIDENTIARY
HEARING.

> A plea of guilty must be set aside, sentence vacated, and a new
> trial ordered if the evidence adduced at an evidentiary hearing
> shows that a guilty plea was not voluntarily made.

Appeal from Jackson, John Simpson and Charles
J. Falahee, JJ. Submitted Division 2 June 5, 1969,
at Lansing. (Docket No. 6,008.) Decided June 26,
1969. Rehearing denied August 4, 1969. Leave to
appeal denied March 26, 1970. See 383 Mich 775.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 503 *et seq.*
[2, 3] 21 Am Jur 2d, Criminal Law §§ 486, 505.

Cecil La Roe was convicted on his plea of guilty to second-degree murder. Defendant appeals. Remanded for evidentiary hearing to determine voluntariness of defendant's plea.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Paul R. Adams,* Assistant Prosecuting Attorney, for the people.

*Joseph V. Wilcox,* for defendant.

Before: Lesinski, C. J., and Quinn and Danhof, JJ.

Quinn, J. Defendant was charged with murder. November 18, 1963, he appeared with counsel before a magistrate and demanded examination, which was set for December 5, 1963. On the latter date and with his counsel present, defendant waived examination and he was bound over to circuit court. At arraignment on the information December 17, 1963, defendant appeared without counsel. When asked if William Christie represented him, defendant said yes. When asked if Mr. Christie was supposed to be present, defendant replied no. The trial judge then indicated on the record that defendant waived the reading of the information, stood mute and the court entered a plea of not guilty.

January 14, 1964, the date set for defendant's jury trial, he appeared with counsel and pleaded guilty to second-degree murder.[1] The plea transcript indicates defendant pleaded guilty freely, without threats or promises being made to him, and defendant admitted he killed one William Behling. After the plea, defendant was remanded to custody and the trial judge ordered a presentence report.

---

[1] CL 1948 § 750.317 (Stat Ann 1954 Rev § 28.549).

The sentencing transcript of January 17, 1964 indicates the killing occurred during a robbery and that defendant had been in prison on numerous occasions. Defendant was 36 years of age at this time.

As provided in CL 1948, § 769.18 (Stat Ann 1954 Rev § 28.1088), the sentencing judge filed a statement of facts which he deemed important or necessary for a full comprehension of the case. It reads as follows:

"The above-named defendant pleaded guilty to murder in the second degree. To all intents and purposes it probably should have been murder in the first degree as what he was after was the old man's money, and he did get about $197 from his pocket. And, as the testimony shows, the old man died from strangulation when the defendant had a rope around his neck and then took him behind a bunch of trees and buried him in some leaves."

This man is 36 years of age, with a long criminal record. I have had the pre-sentence report on him and sentence him from twenty (20) to forty (40) years, State Prison of Southern Michigan, with no recommendation."

February 24, 1967, defendant *in propria persona* filed application for a writ of habeas corpus with the trial court. This was denied by written opinion dated April 6, 1967. October 10, 1967, defendant's attorney filed a motion to withdraw the plea of guilty and to set aside the conviction and vacate sentence, or in the alternative to grant leave to file a motion for a new trial. One of the grounds alleged for relief in this motion was that defendant's counsel was not present at the time defendant was sentenced. The remaining grounds of the motion related to alleged noncompliance with GCR 1963, 785.3(1) and (2), 379 Mich xxvi, and CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058).

Defendant claimed the failure of the trial judge to advise defendant of his right to jury trial before plea violated GCR 1963, 785.3(1). The alleged noncompliance with GCR 1963, 785.3(2) arose from the trial court's failure to advise defendant of the nature of the accusation and consequence of plea and to examine defendant sufficiently to determine that the plea was freely, understandingly and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. The latter claim also relates to the alleged noncompliance with CL 1948, § 768.35, *supra.*

The motion was submitted to the trial court prior to decision of the Supreme Court in *People* v. *Winegar* (1968), 380 Mich 719, and the trial court withheld decision on the motion until *Winegar* was decided. By written opinion filed June 13, 1968, the trial court ruled against defendant on each ground set forth in the motion, except the opinion held it was error to sentence defendant without his counsel present. The opinion ended by denying the motion and directing defendant and his attorney to be present on June 21, 1968 for vacation of defendant's sentence and resentencing with his attorney present.

The procedure directed by the opinion was adjourned to July 26, 1968. On that date, as soon as the trial judge vacated the sentence of January 17, 1964, defendant moved orally to withdraw his plea of guilty on the grounds he was not guilty and that he pleaded guilty because of coercion, abuse and misapprehension. Defendant offered to take the stand to testify in support of these allegations. This offer was declined by the trial court, and defendant's motion to withdraw his plea was denied and he was sentenced to the same term as was provided in the vacated sentence, retroactive to January 17, 1964. Defendant appeals.

It is apparent defendant's plea was made after plea bargaining. The trial court did not abuse its discretion in denying defendant's written motion to withdraw his plea. In addition to the fact that GCR 1963, 785.3(1) had no application because defendant was represented by counsel, defendant's claim that he was not advised of his right to jury trial is fatuous. He was 36 years of age, an experienced criminal and he pleaded guilty on the day set for his jury trial. Under the decisions of *People* v. *Dunn* (1968), 380 Mich 693, *People* v. *Stearns* (1968), 380 Mich 704, and *People* v. *Winegar, supra,* and on the record before us, the other errors relied on by defendant in his written motion were not such as would support our finding that the trial judge abused his discretion in denying defendant's motion.

At the hearing July 26, 1968, however, defendant charged that his plea was the result of coercion, abuse and misapprehension and offered to testify in support of such charges. By declining this offer, neither the trial court nor this Court has any factual record on which to determine the truth or falsity of such charges.

Remanded for an evidentiary hearing to determine the voluntariness of defendant's plea. In the event that it is determined defendant's plea was involuntary, the plea shall be set aside, sentence vacated and a new trial ordered. This Court retains no further jurisdiction of this cause.

All concurred.