PEOPLE *v.* DONALD T. MOORE

CRIMINAL LAW—PLEA OF GUILTY—OFFENSE—ELEMENTS OF CRIME.
Trial court's failure to require a defendant to establish the elements of the offense by his own testimony is not fatal to the acceptance of his plea of guilty where the complaining witness gave explicit testimony of defendant's actions at the preliminary examination and this testimony was examined by the court at the taking of the plea and was acknowledged to be true by defendant (GCR 1963, 785.3[2]).

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 January 8, 1970, at Detroit. (Docket No. 6,461.) Decided January 27, 1970.

Donald T. Moore was convicted of assault with intent to commit rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Ben Rosenthal,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

PER CURIAM. Defendant pled guilty in January of 1968 to a charge of assault with intent to com-

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

mit rape.* Defendant now asks this Court to find
that his constitutional right to due process was vio-
lated or in the alternative that the trial court failed
to determine that his guilty plea was knowingly,
willingly, and truthfully made.

A review of the facts of this case and the law
applicable establishes that no violation of defend-
ant's right to due process occurred. Specifically,
defendant was promptly arraigned, had effective
counsel within the requirements mentioned in *People*
v. *Davison* (1968), 12 Mich App 429 and *People* v.
*Crawford* (1969), 16 Mich App 92, and failed to
make a demand for a speedy trial as is required by
*People v. Miklovich* (1965), 375 Mich 536.

More important is defendant's claim that the trial
court violated its duty to ascertain whether defend-
ant's guilty plea was knowingly, willingly, and truth-
fully made.

Contrary to defendant's suggestion, the trial
court's failure to require the defendant to estab-
lish the elements of the offense by his own testimony
is not fatal.

"It would have been better had the trial judge
obtained a recital on the record of the events in
the defendant's own words but his failure to do so is
not always fatal—it does not automatically require
allowance of a motion to withdraw a plea of guilty.

\*    \*    \*

"The court rule [GCR 1963, 785.3(2)] \*    \*    \*
requires 'reasonable ascertainment of the truth of
the plea.' We have recently said    \*    \*    \* this
requires that it appear there is a substantial factual
basis for the plea." *People* v. *Seifert* (1969), 17 Mich
App 187, 189.

A review of the record establishes that there is "a
substantial factual basis for the plea."

---

* MCLA § 750.85 (Stat Ann 1962 Rev § 28.280).

At the preliminary examination the complaining witness gave explicit testimony regarding defendant's action.

"While the defendant's probable guilt or innocence is not relevant on a motion for withdrawal of his guilty plea and the 'frequently one-sided preliminary examination testimony' may not be considered as a factor in granting or denying a motion to withdraw a guilty plea (*People* v. *Zaleski* [1965], 375 Mich 71, 81), we may properly look at the testimony at the preliminary examination in considering a claim that there was not a factual basis justifying acceptance of a proffered plea of guilty." *People* v. *Bartlett* (1969), 17 Mich App 205, 210.

This testimony was examined by the trial court and accepted as true by the defendant. In fact, the trial court expressly asked,

"Mr. Moore, you heard the testimony of the complaining witness at the examination. Is that substantially correct and were you guilty of  *  *  * assault with intent to rape?

"*Defendant Moore:* Yes, sir."

It is obvious from the foregoing that the trial court did determine that the defendant's plea of guilty was knowingly and willingly made. It is also clear that this testimony was truthful. The complaining witness' statements were corroborated. The defendant accepted the complaining witness' testimony. To state that this was not sufficient would be to exalt form over substance.

"To set aside this conviction because the trial judge did not explicate the essential ingredients of the crime of robbery and relate those ingredients to the defendant's responses to the judge's questions would be to exalt form over substance." *People* v. *Bartlett, supra,* p 209, footnote 1.

Affirmed.