## PEOPLE v. WADE

1. Criminal Law—Plea of Guilty—Waiver—Presence of Counsel—Advice of Rights—Court Rules.

Court rule requiring the trial judge to inform the defendant that he is entitled to a trial by jury or by the court is not applicable where the defendant is represented by counsel during a court examination to determine the voluntariness of his plea of guilty because the likelihood of prejudice to the defendant under these circumstances is not very great; therefore, the trial judge's failure to advise the defendant that by pleading guilty he was waiving his right to trial by jury did not constitute reversible error (GCR 1963, 785.3).

2. Criminal Law—Plea of Guilty—Consequences of Plea—Voluntariness of Plea—Court Rules.

A colloquy between the trial judge and the defendant was sufficiently extensive to inform the defendant of the consequences of his plea of guilty where the judge asked the defendant whether he understood that if his plea of guilty were accepted he could be given a sentence up to life imprisonment and the defendant answered affirmatively (GCR 1963, 785.3).

3. Criminal Law—Plea of Guilty—Truthfulness of Plea—Examination of Accused—Court Rules.

The trial judge is required by court rule to conduct an examination into the truth of a plea of guilty regardless of whether

---

References for Points in Headnotes

[1–4] 21 Am Jur 2d, Criminal Law §§ 486–488.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.
[5] 21 Am Jur 2d, Criminal Law § 504.
Withdrawal of plea of guilty and substitution of plea of not guilty after conviction. 146 ALR 1430.
[6] 20 Am Jur 2d, Courts § 236.
Prospective or retroactive operation of overruling decision. 10 ALR3d 1371.

defendant is represented by counsel or not; however, the
form and manner of such examination is not only within the
judge's discretion but also it is to be conducted in the manner
best suited to the parties and the offense inasmuch as the
judge need only satisfy himself that the guilty plea was made
freely, understandingly, with knowledge of its consequences,
and without undue influence or promise of leniency (GCR
1963, 785.3).

4. ROBBERY—ARMED ROBBERY—ASSAULT—PLEA OF GUILTY—ACCEPT-
ANCE OF PLEA—COURT RULES.

Acceptance of the defendant's plea of guilty of assault with in-
tent to commit armed robbery was proper where the trial judge
asked the defendant precisely what he had done and defendant
replied that he and his friends wanted money, that they
went to a bar, that they announced this is a "hold-up", and
that defendant took money out of a drawer in the bar, thus
establishing the crime charged and defendant's participation
in it (GCR 1963, 785.3).

5. ROBBERY—ARMED ROBBERY—PLEA OF GUILTY—WITHDRAWAL OF
PLEA—DISCRETION.

Denial of the defendant's motion to withdraw his plea of guilty
of assault with intent to commit robbery armed was not an
abuse of discretion where defendant did not contend that he
was unarmed, or that he was unaware of any of his accom-
plices being armed during the robbery charged, or that he
was innocent of the offenses of which he was convicted, but
merely asserted that the record failed to disclose the presence
of weapons, because such an assertion of technical noncom-
pliance did not establish a showing of a miscarriage of justice
where the record showed that the defendant knew the nature
of the crime of which he pleaded guilty and the prosecution
was not obligated to prove the presence of weapons during
the court examination at the taking of the plea.

6. CRIMINAL LAW—CONSTITUTIONAL LAW—PLEA OF GUILTY—WAIVER
OF RIGHTS.

A June 2, 1969 decision of the United States Supreme Court
relating to waiver by a defendant of his rights in offering
a plea of guilty is not retroactive and consequently did not
void defendant's plea of guilty entered in conformity with
the less stringent requirements of state court decisions two
years before the 1969 decision.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 March 12, 1970, at Detroit. (Docket No. 6,958.) Decided June 23, 1970. Leave to appeal denied September 22, 1970. 384 Mich 758.

Robert L. Wade was convicted, on his plea of guilty, of assault with intent to commit robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant.

Before: T. M. Burns, P. J., and Holbrook and Bronson, JJ.

T. M. Burns, P. J. Defendant was charged, along with others, with the crime of armed robbery (MCLA § 750.529 [Stat Ann 1970 Cum Supp § 28-.797]). He was arraigned along with the others on August 31, 1967, at which time the information was read to him in presence of counsel. On October 24, 1967, defendant represented by his appointed counsel, appeared in Recorder's Court before Judge George W. Crockett, Jr., along with codefendant Ronald Dent. Both defendants tendered pleas of guilty to the lesser-included offense of assault with intent to commit robbery armed (MCLA § 750.89 [Stat Ann 1962 Rev § 28.284]). Following an examination of codefendant Dent and acceptance of his guilty plea, the court examined defendant Wade.

The testimony of the hearing at which defendant pled guilty is as follows:

"*Mr. Gold:* I have had several discussions with Mr. Wade and his mother. He wishes to withdraw his original plea of not guilty and offer a plea of guilty—withdraw his plea of not guilty to the original charge of robbery armed, and offer a plea of guilty to the lesser and included offense of assault with intent to commit robbery armed."

"*The Court:* Mr. Wade, you understand if I accept this plea you could be given a sentence up to life imprisonment?

"*Defendant Wade:* Yes.

"*The Court:* Has anyone made any threats or promises to get you to plead guilty?

"*Defendant Wade:* No.

"*The Court:* Why do you want to plead guilty?

"*Defendant Wade:* Because I am guilty.

"*The Court:* What did you do?

"*Defendant Wade:* Robbed a bar.

"*The Court:* Tell me about it.

"*Defendant Wade:* We was over my friend's house and he suggested that we go get some money. So we was riding around, and—

"*The Court (Interposing):* So you did what?

"*Defendant Wade:* We was riding around. And we came past this bar on Twelfth and Lafayette and he suggested, you know, that we go in and rob it. So we all walked in and I walked up to the bar and said it was a hold-up. And I went over the bar and it was a drawer and I took some money out of the drawer.

"*The Court:* That was here in Detroit?

"*Defendant Wade:* Yes.

"*The Court:* Were any people in the bar?

"*Defendant Wade:* Sir?

"*The Court:* Were there any people in the bar?

"*Defendant Wade:* Yes.

"*The Court:* What did you people do?

"*Defendant Wade:* One of the guys who—one of the guys threw something and—at one of my friends that was in the bar with me.

"*The Court:* The court will accept the plea."

On December 11, 1967, Wade and Dent, with their respective counsel, appeared for their sentencing. The court pronounced sentence of 15 to 25 years imprisonment for Wade, and also Dent. A motion to withdraw the plea and for new trial was denied by the trial court on December 27, 1967. The appeal to this Court is of right.

There are two issues with which we must concern ourselves. 1: Was defendant informed of the consequences of his plea as required by GCR 1963, 785.3? 2: Did the examination of defendant at the time of his plea establish the crime to which he pleaded guilty?

Defendant asserts on appeal that the court failed to advise the defendant that by entering his guilty plea, he was waiving his right to jury trial or court trial as required by GCR 1963, 785.3, and such failure is reversible error.

We consider that the colloquy between the court and defendant was sufficiently extensive to inform the defendant of the consequences of his plea.

"*The Court:* Mr. Wade, you understand if I accept this plea, you could be given a sentence up to life imprisonment?

"*Defendant Wade:* Yes."

The question of voluntariness was brought in too, with distinct adequacy. The defendant was asked precisely what he did, and he told the court about himself and his friends wanting money and going to the bar, and stating that "it was a hold-up". The

defendant further stated that he (Wade) took money out of a drawer in the bar.

The procedure regarding acceptance of guilty pleas has been set forth in GCR 1963, 785.3 and MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058). The requirements have been interpreted by the Supreme Court and Court of Appeals to include an examination of the defendant to establish the crime and defendant's participation therein whether or not defendant is represented by counsel. The failure to make such an examination constitutes grounds for setting aside the plea of guilty. *People* v. *Barrows* (1959), 358 Mich 267; *People* v. *Carlisle* (1969), 19 Mich App 680, 684; *People* v. *Johnson* (1966), 2 Mich App 182; *People* v. *Perine* (1967), 7 Mich App 292; and *People* v. *Mason* (1968), 13 Mich App 277. But see *People* v. *Donald T. Moore* (1970), 21 Mich App 150. Also, where the defendant's responses during such an examination give reason to doubt the truth of the plea, the court may not accept said plea. *People* v. *Richard E. Johnson* (1967), 8 Mich App 204; *People* v. *Stewart* (1968), 10 Mich App 553; *People* v. *Mason* (1968), 13 Mich App 277.

The first issue raised by defendant on appeal is in essence the prejudicial effect, if any, of the failure of the trial court judge to inform defendant of his right to a jury trial when defendant was represented by counsel. Although *People* v. *Totty* (1968), 10 Mich App 462, held otherwise, another panel of this Court held, in *People* v. *La Roe* (1969), 18 Mich App 262, that GCR 1963, 785.3(1), which (in part) requires the court to advise defendant "he is entitled to a trial by jury", has no application where the defendant was represented by counsel. The opinion by Judge QUINN, in which Chief Judge LESINSKI and Judge DANHOF concurred, in effect, accepted the same interpretation as held by Judge

ROBERT B. BURNS who dissented in *People* v. *Totty,
supra,* p 467. Since there has been no Michigan
Supreme Court decision on this exact point to this
interpretation of GCR 1963, 785.3(1), we are free
to adopt either *Totty* or *La Roe.* Although we would
prefer to have the defendant over-advised as to his
rights rather than unadvised, we do not consider
the likelihood of prejudice to the defendant very
great under the circumstances present here as to
issue one. Therefore, we adopt the holding in the
*La Roe* case for our own here.

With respect to the second issue raised, defend-
ant argues that the examination did not establish
the crime to which defendant pleaded guilty. It is
defendant's position that there was a failure to es-
tablish that he was armed or that he was aware that
his companions were armed; and therefore, defend-
ant concludes the court improperly accepted his
plea to the crime of assault with intent to commit
robbery armed.

While the court is required, whether defendant is
represented by counsel or not, to conduct an exami-
nation into the truth of the plea, the form and man-
ner of such examination lies within the discretion
of the judge; and it is to be exercised in the manner
best suited to the parties and the offense. *People*
v. *Barrows, supra; People* v. *Bumpus* (1959), 355
Mich 374; *People* v. *Schwartz* (1967), 6 Mich App
581; and *People* v. *Gill* (1967), 8 Mich App 89. Dur-
ing this examination of one seeking to enter a plea
of guilty, the prosecution is under no obligation to
prove anything. *People* v. *Paul* (1968), 13 Mich
App 175. Indeed, the judge need only satisfy him-
self that the plea was made freely and understand-
ingly with knowledge of its consequences and with-
out undue influence or promise of leniency. We
find no abuse of discretion here.

Furthermore, when one seeks to set aside a plea of guilty, he:

"has the burden of showing more than technical noncompliance with a rule. Absent a showing of violation or denial of constitutional rights, he has the obligation of alleging   *   *   *   such facts as would, if true, substantiate a finding that there was noncompliance which resulted in a miscarriage of justice." *People* v. *Winegar* (1968), 380 Mich 719, 733.

See also *People* v. *Dunn* (1968), 380 Mich 693, 701, wherein the Court stated:

"In conclusion, we cite again the court rule and statute cited in *People* v. *Winegar* (1968) 380 Mich 719; GCR 1963, 529.1; and CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096). The import of both the rule and the statute is that *on review courts should be concerned with substance, not with form; that the fundamental inquiry is whether there has been a miscarriage of justice.*" (Emphasis added.)

Defendant does not contend that he was unarmed or was unaware of anyone else being armed during the robbery; indeed, defendant does not even allege he was innocent of the criminal charge for which he was convicted. Rather, defendant merely asserts that the record fails to disclose the presence of weapons. Such an assertion of technical noncompliance without any assertion of being unarmed or of being unaware of anyone else being armed does not establish a showing of miscarriage of justice as is required under the cases handed down by our Supreme Court. See *People* v. *Stearns* (1968), 380 Mich 704; *People* v. *Dunn, supra; People* v. *Winegar, supra.*

In addition, there is no showing defendant was unaware of the nature of the crime to which he

tendered a plea of guilty. He had been charged
with robbery armed, and after consultation with his
counsel and his parents, he tendered a guilty plea to
assault with the intent to commit robbery armed,
a lesser-included offense. See *People* v. *Cherry*
(1968), 10 Mich App 420. Aside from the assertions
of an unclear record, there is no protestation of
innocence. Therefore, the cases of *Dunn, Winegar,*
and *Stearns* would appear to establish no abuse in
discretion on the part of the trial judge in accepting
the plea and in denying defendant's later motion to
withdraw the guilty plea under Michigan prece-
dents.

The counsel for defendant on appeal, however,
urges this Court to disregard these cases from our
State Supreme Court, and rely instead upon *Boykin*
v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23
L Ed 2d 274), which he says requires a reversal here.

A careful reading of *Boykin* v. *Alabama, supra,*
and its corollary case with regard to federal courts,
*McCarthy* v. *United States* (1969), 394 US 459 (89
S Ct 1166, 22 L Ed 2d 418), does not convince us
that a reversal is required in this case based upon
*Boykin.*

In *McCarthy, supra,* the Supreme Court held that
failure to comply fully with the guilty plea inquiry
requirements of Rule 11 of Federal Rules of Crimi-
nal Procedure requires reversal and a second op-
portunity for defendant to enter a plea. Federal
Rule 11, as amended in 1966, requires the court to
address the defendant personally and determine
"that the plea is made voluntarily with understand-
ing of the nature of the charge and the consequence
of the plea;" and requires that the court must be
satisfied "there is a factual basis for the plea." See
Advisory Committee Note to the 1966 amendment

to Rule 11 in 1 Wright, Federal Practice and Procedure: Criminal, § 174, p 377 (note 75).

Although the Supreme Court was careful to limit its decision in *McCarthy* to the construction of Federal Rule 11, the Court in *Boykin, supra,* (Harlan and Black dissenting), set aside a *state* conviction based upon a guilty plea, stating on p 242:

"It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary."

In reference to the question of whether a guilty plea is knowingly and voluntarily made, the Court also said on p 243 that, "(t)he question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards", (citation omitted) and that:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Second, is the right to trial by jury. Third, is the right to confront one's accusers. We cannot presume a waiver of these three important federal rights from a silent record." (Citations omitted.)

The Court refused in *Boykin* to presume waiver of federal rights on a silent record. The Court then, in footnote 5 on p 243, which cites the case of *McCarthy* v. *United States, supra,* quotes at length from *McCarthy* ending with, "it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts".

The Court also said on pp 243, 244:

"What is at stake for an accsued facing death or imprisonment demands utmost solicitude of which

courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought (*Garner* v. *Louisiana* [1961], 368 US 157, 173 [82 S Ct 248, 257; 7 L Ed 2d 207, 219]; *Specht* v. *Patterson* [1967,] 386 US 605, 610 [87 S Ct 1209, 1212; 18 L Ed 2d 326, 330]), and forestalls the spin-off of collateral proceedings that seek to probe murky memories."

We note that although the majority in *Boykin* does not literally impose *McCarthy* and FR Crim P, 11, on the states, the effect of their decision appears to be to impose it in substance as the dissenting opinion points out. *Boykin* v. *Alabama, supra,* pp 244, 245.

Even if Federal Rule 11 is not imposed upon the states by *Boykin,* it is clear that some standards are. From footnote 7 on p 244 of the majority opinion, it appears that *Dunn, Stearns* and *Winegar, supra,* are in serious question if they are interpreted to do away with what has been called in Michigan the *Barrows* requirement. See *People* v. *Moore, supra; People* v. *Carlisle, supra* (V. J. Brennan, J., *dissenting*), p 685. For as Justice Black says in his concurring opinion in *People* v. *Taylor* (1970), 383 Mich 338, 368 speaking for himself and Justice Dethmers:

"There can be no doubt that *Boykin* has imposed upon State court trial judges additional duties as those judges go about the task of arraignment and sentencing, certainly in all cases of prosecution for felony."

Yet, as far as this case is concerned, even if *Boykin* has the effect which we believe it does, it does not necessarily mean that this case must be reversed, for we find that *Boykin* does not apply

retroactively. *People* v. *Taylor, supra (concurring opinion,* BLACK, J.) and cases cited therein. See additionally, *United States, ex rel. Wiggins,* v. *Pennsylvania* (ED Pa, 1969), 302 F Supp 845, 846; *Quillien* v. *Leeke* (D SC, 1969), 303 F Supp 698, 711. These well-reasoned opinions rely on the decision of the United States Supreme Court that *McCarthy* should not be applied retroactively. *Halliday* v. *United States* (1969), 394 US 831, (89 S Ct 1498, 23 L Ed 2d 16).

Since the plea questioned in this appeal was taken in December of 1967, the *Boykin* decision, no matter how it may affect pleas taken subsequent to it, does not void the plea taken in conformity to the less stringent requirements of our state decisions.

Affirmed.

BRONSON, J., concurred.

HOLBROOK, J., concurred in the result.