PEOPLE *v.* MINSON

1. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—EVIDENCE.

Illegal possession of LSD by defendant was established where, at his arraignment, he not only pleaded guilty of its possession but also during an interview in the judge's chambers, the substance of which appeared in the record, defendant again admitted, in response to the judge's inquiry, that, when arrested, he was transporting LSD for sale, and acceptance of a plea of guilty and denial of a motion to withdraw it was not error because the record showed defendant was guilty where he did not at any time assert that the charge was untrue or that he was innocent (GCR 1963, 785.3).

2. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF PLEA—CONSEQUENCES OF PLEA—COURT RULES.

The court rule requiring that an accused be advised of the consequences of his plea of guilty does not require that an accused represented by counsel be told that he waives his right to a trial by jury or to trial by the court without a jury by pleading guilty (GCR 1963, 785.3[2]).

REFERENCES FOR POINTS IN HEADNOTES
[1–4, 6] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[5] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 45 *et seq.*
Federal prosecutions based on manufacture, importation, transportation, possession, sale, or use of LSD. 22 ALR3d 1325.

3. CRIMINAL LAW—PLEA OF GUILTY—CONSEQUENCES OF PLEA—VOLUNTARINESS—COURT RULES.

Acceptance of defendant's plea of guilty of illegal possession of LSD was proper where the trial judge specifically informed defendant of the possible penalty for its illegal possession, and ascertained that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, duress or promises of leniency, where defendant was represented by counsel at his arraignment (GCR 1963, 785.3[2]).

4. CRIMINAL LAW—CONSTITUTIONAL LAW—PLEA OF GUILTY—WAIVER OF RIGHTS—PROSPECTIVE APPLICATION.

A decision of the United States Supreme Court on June 2, 1969, that a trial court cannot presume that an accused who is represented by counsel has waived his constitutional rights to trial by jury, confrontation of his accusers, and the privilege against self-incrimination, is not retroactive, and did not affect the validity of defendant's plea of guilty made before its decision date.

5. CRIMINAL LAW — NARCOTICS — ILLEGAL POSSESSION — NATURE OF ACCUSATION.

The term "possession" as used in the statute relating to illegal possession of certain narcotics is used in its ordinary sense and is not given any esoteric meaning; therefore a defendant informed that he was charged with illegal possession of LSD was informed of the nature of the accusation against him because an ordinary person would know what was meant by the phrase "possession of LSD" (MCLA § 335.106).

6. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—PROMISES OF LENIENCY.

Defendant's contention that he pleaded guilty of illegal possession of LSD because his attorney had informed him that he would receive probation and that the prosecutor's office was recommending probation, not having been presented to the trial court, will not be considered on appeal, but affirmation of his conviction is without prejudice to his presentation of a motion to the trial court setting forth the promises of leniency made to him and for a testimonial hearing to determine the truth of his assertions.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted Division 3 May 5, 1970, at Grand Rapids. (Docket No. 7,744.) Decided June 25, 1970.

Lawrence David Minson was convicted, on his plea of guilty, of unlawful possession of a narcotic drug. Defendant appeals. Affirmed without prejudice to presentation of motion to withdraw plea.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *James J. Gregart,* Assistant Prosecuting Attorney, for the people.

*Joseph J. Jerkens,* for defendant.

Before: HOLBROOK, P. J., and BRONSON and MUNRO,* JJ.

HOLBROOK, P. J. An information was filed in the circuit court for Kalamazoo County on March 24, 1969, charging Lawrence David Minson, defendant, with having in his possession in said county, d-lysergic acid diethylamide (LSD), on the 25th day of October, 1968, contrary to MCLA § 335.106 (Stat Ann 1970 Cum Supp § 18.1106). On April 7, 1969, defendant, with his counsel present, pleaded guilty to the charge and was sentenced by the court on May 19, 1969, to prison for a term of from one to four years. Defendant was credited with 14 days spent in the county jail. On July 14, 1969, defendant filed his claim of appeal, and on said day, the circuit court set bail in the sum of $3,000 which was furnished, and defendant was released on bond July 16, 1969. The defendant raises four issues on this appeal:

(1) Whether the trial court made an adequate inquiry into the facts which constituted the crime?

(2) Whether the trial court erred in not informing defendant of the consequences of his plea?

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(3) Whether the defendant was informed of the nature of the offense with which he was charged?

(4) Whether the facts alleged in the defendant's affidavit require a testimonial hearing to determine their truth or falsity?

### I

The defendant, relying on *People* v. *Barrows* (1959), 358 Mich 267, *People* v. *Perine* (1967), 7 Mich App 292, and *People* v. *Mason* (1968), 13 Mich App 277, contends that the trial court erred by not conducting an examination of the defendant respecting the facts of the crime and the defendant's participation therein.

At the arraignment held April 7, 1969, the following occurred in part:

*"Mr. Gergely:* I will waive the reading and my client informs me that he wishes to enter a plea of guilty to this offense.

*"The Court:* Is this correct, you want to plead guilty to this offense?

*"The Respondent:* Yes, sir.

*"The Court:* Did you have in your possession LSD?

*"The Respondent:* Yes, sir.

*"The Court:* I can't even pronounce the name of it, d-lysergic acid—I passed chemistry, but I got a 'C' in it.

*"Mr. Gergely:* Diethylamide.

*"The Court:* Are you pleading guilty because you are guilty of this offense of possession of LSD?

*"The Respondent:* Yes, sir.

*"The Court:* Has anybody threatened you if you did not plead guilty?

*"The Respondent:* No.

*"The Court:* Anybody promise you anything to get you to plead guilty?

*"The Respondent:* No, sir.

"*The Court:* Are you satisfied he is pleading freely and voluntarily?

"*Mr. Gergely:* I am satisfied that he is.

"*The Court:* I am satisfied that his plea is freely, voluntarily, and understandingly made, without compulsion, duress, or promise of leniency.

"You could be sentenced up to four years. You still want to plead guilty, do you?

"*The Respondent:* Yes."

If there was nothing more in the record than the foregoing, it would be necessary to rule on the sufficiency of the inquiry; however, the trial judge questioned the defendant in chambers. We do not have the transcript of what took place there, but we do have the substance as stated in the record from what took place at the time of sentencing, *viz.*:

"*Mr. McCune:* If the court please, before your Honor this afternoon is Larry Minson. He is here for sentencing on a charge of possession of narcotics. It is a companion case with the last case, possession of LSD.

"*The Court:* Minson, is there anything further now that you wish to say before sentence?

"*Mr. Gergely:* We have said everything we could in chambers.

"*The Court:* Mr. Prosecutor?

"*Mr. McCune:* Nothing else, your Honor.

"*The Court:* * * * This young man graduated very high in his class in a very fine school in Cincinnati. * * * He has been using marijuana and LSD. On this occasion he was transporting approximately 1,500 capsules of LSD and I think you told me they were worth between a thousand and fifteen hundred dollars, is that right?

"*The Respondent:* (*Nodded head affirmatively*).

"*The Court:* And some twenty pounds of marijuana and what was it, fifty dollars a pound; am I right?

"*The Respondent:* Yes, sir.

"*The Court:* Which he was transporting to a friend, a student at Harvard, was transporting it to Boston where this friend apparently was going to sell it. The marijuana had been paid for. The LSD was to be paid for as he sold it. * * *

"*The Court:* * * * This young man's case is very substantially different from the young lady who was with him on this trip. She knew about the drugs that were being transported but he was the one that —and he has never claimed otherwise—he was the one who was delivering them. She was riding only to Ann Arbor.

* * *

"Now you said you quit using drugs after your psychiatric help, but as I told you in chambers it bothers me that after that you were transporting 1,500 capsules of LSD and twenty pounds of marijuana for somebody else to use. It bothers me that after learning your own lesson you were willing to get somebody else into the habit which you have tried to lick and probably have licked. This is a constant fight upon the part of law enforcing officers to hold this traffic down. You never can do away with it all, but we will do the best we can with holding it down."

The interview conducted by the trial judge in chambers shows that the proper inquiry was made, the crime established, and defendant's participation therein ascertained.** This issue is resolved by *People* v. *Winegar* (1968), 380 Mich 719, 731, 733:

"Third, a plea of guilty should not be set aside after sentence merely because the verbatim record does not affirmatively show compliance *in illis verbis* with GCR 1963, 785.3(2).

* * *

---

** The practice of relying upon a conference off the record should be discouraged unless the trial judge again covers the matter on the record as was done in this case.

"A convicted defendant no longer enjoys the presumption of innocence. *People* v. *Fritch* (1910), 161 Mich 111; 1 Wharton, Criminal Evidence (12th ed), § 93, p 189; 29 Am Jur 2d, Evidence, § 225, page 276. He has the burden of showing something more than technical noncompliance with a rule. Absent a showing of violation or denial of constitutional rights, he has the obligation of alleging in a motion to withdraw plea such facts as would, if true, substantiate a finding that there was noncompliance which resulted in a miscarriage of justice."

The record discloses that defendant was guilty of possession of LSD and defendant admits that such facts are true. The defendant does not, at this time, assert that they are untrue, nor in fact, that he is not guilty. We find no miscarriage of justice in relation to the first issue.

## II

Defendant contends that he was not informed of the consequences of his plea because the court did not inform him of his constitutional rights as required by GCR 1963, 785.3, and cites *People* v. *Dunn* (1968), 380 Mich 693, and *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274). The pertinent portion of GCR 1963, 785.3 states:

".3 Arraignment and Sentencing. In every prosecution wherein the accused is charged with a felony, the trial court shall conform to the following practice:

"(1) Arraignment. If the accused is not represented by counsel upon arraignment, before he is required to plead, the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him. If the accused states he

will procure counsel or requests that counsel be appointed, a reasonable time thereafter shall be allowed for counsel to consult with the accused before his plea shall be taken.

"(2) Imposing Sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

In the instant case, defendant was represented by retained counsel. Therefore, subsection (1) is not applicable, and the first part of subsection (2) is completely satisfied, *i.e.,* the court informed the accused of the nature of the accusation; the *Dunn* case, *supra,* is authority for the rule that "consequence" of a plea of guilty, within the wording of the court rule, is that an accused, by so pleading, waives his right to trial by jury, or trial without a jury by the court, and that the accused subjects himself to whatever penalty is prescribed by law including possible confinement in a penal institution. As stated above, GCR 1963, 785.3(1), requiring the defendant to be advised of his right to a trial by jury is specifically not applicable where the accused is represented by counsel. As to the requirements of subsection (2), we rule that insofar as informing defendant that he waives his right to a trial by jury or a trial without a jury by the court, they are not mandatory where a defendant is represented by counsel. *People* v. *LaRoe* (1969), 18 Mich App 262.

The information concerning the possible penalty in the present case was specifically given by the trial judge to the defendant. The requirements of the balance of GCR 1963, 785.3(2) were fully complied with by the court. Defendant claims that the *Boykin* case, *supra,* requires the court to inform a defendant who is represented by counsel as to his right to trial by jury, the right to confront his accusers and the privilege against self-incrimination. The people assert that *Boykin* should be read so as to require the record in a criminal case to show that the plea was made knowingly and voluntarily. In *Boykin,* it is stated in part:

"Before the matter came to trial, the court determined that petitioner was indigent and appointed counsel to represent him. Three days later, at his arraignment, petitioner pleaded guilty to all five indictments. So far as the record shows, the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court."

The extent of the ruling of the Court in *Boykin* is not too clear; however, in any event, it should be applied only to pleas taken after June 2, 1969, when it was decided. Since defendant pleaded guilty on April 7, 1969, *Boykin* is not applicable. *Ernst* v. *State* (1969), 43 Wis 2d 661 (170 NW2d 713).

### III

The defendant contends that he was not informed of the nature of the accusation, citing *McCarthy* v. *United States* (1969), 394 US 459 (89 S Ct 1166, 22 L Ed 2d 418). Insofar as *McCarthy, supra,* requires that the defendant be informed of the nature of the charge, it does not appear to work any major change in Michigan law. *People* v. *Goldfarb* (1967), 6 Mich App 7. In the instant case, defendant was told that

he was charged with possession of LSD. This is not a case like those of *McCarthy* and *Goldfarb* where the defendant may not have understood the nature of the specific intent needed for the crime. The ordinary person would know what is meant by the phrase "possession of LSD." Our Courts, when construing the narcotic act, have held that the term "possession" is used in its ordinary sense and is not given esoteric meaning. *People* v. *Harper* (1962), 365 Mich 494; *People* v. *Eaves* (1966), 4 Mich App 457; and *People* v. *Cherry* (1968), 10 Mich App 420. There is no error in the procedure followed as claimed in defendant's third issue.

## IV

Defendant's final contention, as set forth in an affidavit, is that he pleaded guilty because his lawyer informed him that if he pleaded guilty, he would receive probation. He further contends that his lawyer told him that the prosecutor's office had indicated that they were recommending probation. Because of these facts, he contends that the case of *People* v. *Bartlett* (1969), 17 Mich App 205, requires reversal of his conviction. We do not agree. In *Bartlett, supra,* the trial court did not conduct a testimonial hearing on a motion for a new trial when defendant claimed he was promised a certain sentence but received a longer sentence. We stated that when defendant asserts facts in his affidavit which, if true, would entitle defendant to withdraw his plea of guilty, a testimonial hearing must be held to determine the truth or falsity of the assertions. In *Bartlett,* a motion was presented to the trial court to withdraw the plea of guilty, set aside the sentence, and grant a new trial. This motion was supported by an affidavit setting forth the alleged promises of a certain sentence. The trial

court did not conduct a testimonial hearing to determine the facts, *i.e.*, as to whether the plea was voluntary. We therein stated that the trial court should have conducted such a testimonial hearing. In the instant case, the issue is raised in this Court for the first time. The matter not having been presented to the trial court, we do not consider it on appeal.

Affirmed, but without prejudice to the defendant to present such a motion within 30 days to the circuit court for Kalamazoo County.

All concurred.