## PEOPLE v. STAGE

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWING PLEA—DISCRE-
TION.
   The withdrawal of a plea of guilty is not of right, but within
   the sound discretion of the court.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWING PLEA—INCOR-
RECT INFORMATION.
   Informing a guilty-pleading defendant, before accepting the
   plea, that once a plea had been made it could not be with-
   drawn, although incorrect, was harmless error at the most
   where the defendant does not show how he has been harmed
   by the statement.

Appeal from Recorder's Court of Detroit, Frank
G. Schemanske, J. Submitted Division 1 February
10, 1971, at Detroit. (Docket No. 10060.) Decided
April 2, 1971.

Frederick Stage was convicted, on his plea of
guilty, of assault with intent to rob being armed.
Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *William L. Cahalan*,
Prosecuting Attorney, *Dominick R. Carnovale*,

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 504.
   Right to withdraw plea of guilty. 66 ALR 628.
[2] 21 Am Jur 2d, Criminal Law § 487.
   Court's duty to advise or admonish accused as to consequences of
   plea of guilty, or to determine that he is advised thereof. 97
   ALR2d 549.

Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*James A. Sullivan,* for defendant on appeal.

Before: DANHOF, P. J., and HOLBROOK and BRONSON, JJ.

PER CURIAM. This is another one of many appeals from a guilty plea to a lesser included offense of the crime with which the defendant was charged. Defendant was originally charged with the crime of robbery armed.[1] He demanded and was given an examination at which hearing he was represented by counsel. He was first arraigned in the Recorder's Court for the City of Detroit on March 4, 1968, and stood mute, and the court entered a plea of not guilty on his behalf. On April 16, 1968, defendant again appeared before the court with his counsel present, at which time his counsel stated as follows:

*"Mr. O'Connell:* Your Honor, my name is James O'Connell, I represent the defendant, Fred Stage.

"I have advised him of his constitutional right to a trial by jury or trial by yourself, sitting without a jury.

"He has elected to waive that right and wishes to offer a plea at this time to the included offense of assault with intent to rob, being armed."[2]

Upon ascertaining that the prosecuting attorney had no objections, the judge proceeded to question the defendant to ascertain that his plea was made freely, voluntarily, and understandably. The court also inquired and was informed by the defendant in his own words that he had entered a bar at Harper and Gratiot and robbed the bartender at gun point

---

[1] MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797).
[2] MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).

of approximately $300. The plea of guilty was accepted by the court, and defendant was sentenced on April 30, 1968, to a prison term of from 10 to 20 years. Defendant was represented by his attorney at all of the proceedings.

On appeal, defendant asserts that the trial court failed to comply with the requirements of GCR 1963, 785.3. We have carefully reviewed the record and find that the trial judge fully complied with the rule. *People* v. *Minson* (1970), 24 Mich App 692; *People* v. *Wade* (1970), 24 Mich App 518. Defendant's claim of error is without merit.

Defendant also asserts that it was reversible error for the trial court to inform him before accepting his plea that once the plea was taken, it could not be withdrawn. The withdrawal of a guilty plea is not of right but within the sound discretion of the court. *People* v. *Irwin* (1970), 24 Mich App 582; *People* v. *Zaleski* (1965), 375 Mich 71. While the statement of the judge was technically incorrect, it was evidently made for the purpose of impressing upon the defendant that he should be sure about making his plea of guilty because he would not have an absolute right to withdraw his plea. Defendant does not indicate how he has been harmed by the statement of the trial judge or that it has resulted in any prejudice to him. It is considered by this Court at most harmless error.

Affirmed.