## PEOPLE *v.* RICHARDSON

CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE—COURT RULE—
TECHNICAL NONCOMPLIANCE.
Technical noncompliance with the full scope of the court rule
and statute governing the acceptance of pleas of guilty is not
itself ground for a new trial (MCLA § 768.35; GCR 1963,
785.3).

Appeal from Genesee, John W. Baker, J.   Submitted Division 2 April 6, 1971, at Lansing.   (Docket No. 10690.)   Decided April 30, 1971.

James A. Richardson was convicted, on his plea of guilty, of breaking and entering with intent to commit larceny.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Carl H. Leiter,* for defendant on appeal.

Before: QUINN, P. J., and R. B. BURNS and McGREGOR, JJ.

PER CURIAM.   Defendant entered a plea of guilty to the charge of breaking and entering with intent

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 459, 484–496.

to commit larceny.[1]   Posttrial motions to withdraw the guilty plea, vacate sentence, and be granted a new trial were denied May 13, 1968.   An application for delayed appeal was granted by this Court on January 6, 1971.

On appeal defendant argues that the trial judge failed to inform defendant that the charge included an "intent to commit larceny", and that defendant did not plead guilty to that aspect of the charge. We disagree.   The record indicates that the defendant was fully informed of the entire charge to which he pled guilty.   Further, defendant presents no claim of innocence, or claim that a miscarriage of justice has occurred; rather, he contends that technical noncompliance with the full scope of court rule and statute[2] presents grounds for a new trial.   We have previously ruled against such a contention. *People v. Wade* (1970), 24 Mich App 518.

Affirmed.

---

[1] MCLA 1971 Cum Supp § 750.110 (Stat Ann 1971 Cum Supp § 28.305).

[2] GCR 1963, 785.3(2); MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058).   These two legal promulgations require a trial judge to satisfy himself that a guilty plea is freely and understandingly made.