PEOPLE v SPARKS

1. BURGLARY—PLEA OF GUILTY—FACTUAL BASIS—AIDING AND ABETTING.

  A sufficient factual basis existed for the acceptance of defendant's plea of guilty as an aider and abettor of breaking and entering, where a review of the plea taking indicates that the defendant knew one of his accomplices intended to commit a breaking and entering and the defendant drove him to a store so that he could do so (MCLA 767.39; GCR 1963, 785.3).

2. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—PRELIMINARY EXAMINATION TRANSCRIPT.

  The preliminary examination transcript may properly be used to supply a factual basis necessary for the acceptance of a plea of guilty (GCR 1963, 785.3).

Appeal from Monroe, James J. Kelley, Jr., J. Submitted Division 2 March 8, 1972, at Lansing. (Docket No. 12508.) Decided May 1, 1972.

Harvey M. Sparks was convicted, on his plea of guilty, of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William A. Garrett,* Prosecuting Attorney, for the people.

*Patricia Costello,* for defendant on appeal.

Before: LESINSKI, C. J., and BRONSON and TARGONSKI,* JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 117, 118.
[2] 21 Am Jur 2d, Criminal Law §§ 443, 450.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Per Curiam. Defendant was convicted on a plea of guilty of breaking and entering, MCLA 750.110; MSA 28.305. He appeals of right.

Defendant contends that the trial judge failed to elicit a sufficient factual basis for the plea in accord with GCR 1963, 785.3 and that he erred in considering the preliminary examination prior to accepting the plea. Defendant was charged under the aiding and abetting statute. MCLA 767.39; MSA 28.979. A review of the plea taking indicates that defendant knew one of his accomplices intended to commit a breaking and entering and that defendant drove him to a store so that he could do so. This is a sufficient factual basis to sustain a conviction as an aider and abettor. See *People v Poplar,* 20 Mich App 132 (1969).

Defendant's argument regarding the use of the preliminary examination to supply a factual basis for his plea is also without merit. It is not error for the trial judge to use the preliminary examination for such a purpose. *People v Donald T Moore,* 21 Mich App 150 (1970).

Affirmed.