## PEOPLE *v.* STEWART.

1. CRIMINAL LAW—TRIAL JUDGE—NATURE OF CHARGE—TRUTH OF PLEA.

   The trial judge has an even greater duty than merely insuring that the defendant knows and understands the nature of the charge to which he is pleading; the trial judge must also ascertain the truth of the offered plea (CL 1948, § 768.35).

2. SAME—PLEA OF GUILTY—ACCEPTANCE—STATUTES.

   The trial judge is required by statute to investigate the circumstances of an offense to which a plea of guilty has been offered, and whenever he has reason to doubt the truth of the plea of guilty, it shall be his duty to vacate it, direct a plea of not guilty to be entered, and order a trial of the issue thus formed (CL 1948, § 768.35).

3. SAME—TRIAL JUDGE—PLEA OF GUILTY.

   Trial judge has a duty, whenever there is a reasonable doubt about the truth and validity of a plea of guilty, to order a plea of not guilty entered and to place the defendant upon trial before a jury.

4. SAME—ATTEMPTED ROBBERY—NEW TRIAL—PLEA OF GUILTY—TRUTH OF PLEA.

   Conviction of attempted robbery not armed, upon plea of guilty, is ordered set aside and a new trial granted, where reasonable doubt about truth of plea offered was raised by defendant's answers to trial judge's questions about the circumstances of the crime (CL 1948, §§ 750.92, 750.530, 768.35).

Appeal from Wayne, Montante (James), J. Submitted Division 1 December 7, 1967, at Detroit. (Docket No. 3,341.) Decided March 29, 1968.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law § 486 *et seq.*
[2–4]  21 Am Jur 2d, Criminal Law § 496.

Charles Stewart was convicted of attempted robbery not armed. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*Elliot I. Beitner (Molly Ann Beitner,* of counsel), for defendant.

LESINSKI, C. J. The defendant, Charles Stewart, was charged in a criminal information with robbery not armed, CL 1948, § 750.530 (Stat Ann 1954 Rev § 28.798), and when he stood mute the court directed a plea of not guilty to be entered and ordered the defendant to be held for trial. On November 1, 1966, an added count of attempted robbery not armed, CL 1948, § 750.92 (Stat Ann 1962 Rev § 28.287), and CL 1948, § 750.530, *supra,* was filed. On November 3, 1966, the defendant, represented by counsel, pled guilty to the added count of attempted robbery not armed. The defendant was sentenced on November 28, 1966.

On appeal, among other errors in the proceedings below, defendant contends that the trial judge failed to comply with the mandatory provisions of CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058),[1] and

1 "Whenever any person shall plead guilty to an information filed against him in any court, it shall be the duty of the judge of such court, before pronouncing judgment or sentence upon such plea, to become satisfied after such investigation as he may deem necessary for that purpose respecting the nature of the case, and the circumstances of such plea, that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence. And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered and order a trial of the issue thus formed."

GCR 1963, 785.3(2),[2] when he accepted the plea of guilty, and that the court did not adequately inform him of the sentence which he is to serve.

The defendant was sentenced to serve "a minimum term of not less than three years and a maximum term of not more than five years." The plain import of this language sets the minimum sentence at three years. In addition, we note that such advice bears no relation to the phrase "consequence of his plea" as used in GCR 1963, 785.3(2). *People* v. *Charles A. White* (1967), 8 Mich App 220.

The defendant also contends that he did not understand the nature of the charge to which he was pleading guilty. An examination of the record reveals the following colloquy:

*"The Court:* Then you want to stand trial?

*"Defendant:* I want to plead guilty to attempt unarmed robbery.

*"The Court:* You want to plead guilty to attempt?

*"Defendant:* Yes, attempt."

This colloquy leaves no room for doubt that the defendant knew the charge to which he was offering to plead guilty.

The trial judge has an even greater duty than merely insuring that the defendant knows and understands the nature of the charge to which he is pleading; the trial judge must also ascertain the truth of the offered plea. It is this duty which is dispositive of this appeal. The plain language of the statute requires the trial judge to investigate the circum-

2 "If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

stances of the offense *"and whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered and order a trial of the issue thus formed."* (Emphasis supplied.)

The record contains several warnings to the trial court that he might have reason to suspect the truth of the offered plea. During the defendant's narration of the events which took place, the following oral exchange between the court and the defendant occurred:

*"Defendant:* When we got to the bar, Lowe got out a gun, and the other defendant jumped on him and started to knock him back in the car, and took his wallet and watch.

*"The Court:* You knew this was going to happen?

*"Defendant:* I didn't know it was going to happen. * * *

*"The Court:* You are representing to the court you had nothing to do with and did not plan this assault on the complaining witness, for the purpose of taking away his property without his knowledge or consent; is that what you want to tell the court?

*"Defendant:* Well, yes; I guess so."

Then following a discussion between the court, the prosecutor, and the defendant, during which the defendant stated his desire to plead guilty to attempted robbery unarmed, the following exchange occurred:

*"The Court:* But the point is you are representing to the court that you had nothing to do with it, that you didn't make any agreement with this other chap to try to rob this man and you had nothing to do with it, and that the only thing that you had to do with it is that you accepted a watch after the offense had been committed; so that you might be guilty of some other offense, but not of this one. Now, if that is what it is, I can't accept your plea, and you will have

to stand trial on the original charge. If you want to tell the court what actually happened and how you participated in it, that is another story. This is your time to tell the court the truth.

"*Defendant:* Yes, I am."

Whereupon the defendant and his counsel asked for and received permission to have a short conference following which, the narration resumed:

"*The Court:* Let the record show that the defendant here has conferred with his counsel for the past three minutes.

"Now that you have had this opportunity of discussing this again with your lawyer, is there anything further that you want to say to the court?

"*Defendant:* Yes. When Bill Young, the other defendant, started to jump on the complainant, Jack Lowe was the car then—he was in the car, you know, on the other side of this man here—and then Bill told me, 'Why don't you help me?' and I was going to help him. I was going to, I would have.

"*The Court:* You would have helped commit this offense, is that right?

"*Defendant:* I would have helped, yes."

The last noted exchange is at best a confused effort to elicit the elements of the offense to which the defendant was attempting to plead.

As was noted in *People* v. *Barrows* (1959), 358 Mich 267, 272:

"We have little doubt that the entry of the plea by his attorney was made with defendant's agreement. But Michigan's rule on acceptance of pleas requires that the court ascertain more about the plea than that the defendant agrees that it is expedient to so plead. The rule is designed to require reasonable ascertainment of the truth of the plea."

Also applicable is the case of *People* v. *Utter* (1920), 209 Mich 214, 224, where the Court spoke

about the duty of the trial judge whenever there is a reasonable doubt about the truth and validity of the plea of guilty. "We think its duty was to have ordered a plea of not guilty entered and to have placed this man upon trial before a jury."

Thus the record discloses that the defendant and his counsel knew to which charge he was offering to plead. However, under the circumstances of this case, the trial judge has not performed his mandatory duty to ascertain the truth of the plea offered. The conviction will be set aside and a new trial granted. We do not pass on the merits of the other issues presented in this appeal.

Reversed and remanded for a new trial.

FITZGERALD and McGREGOR, JJ., concurred.