PEOPLE *v.* MASON.

1. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION OF DEFENDANT.
    Before a plea of guilty to a criminal charge is accepted the defendant must be examined by trial judge to establish the crime and the participation in it by the accused for the purposes of preventing false pleas of guilty and subsequent false claims of innocence; without this examination a plea of guilty is not valid, and a conviction so had may not stand (GCR 1963, 785.3[2]).

2. SAME—BREAKING AND ENTERING IN NIGHTTIME—PLEA OF GUILTY—EXAMINATION.
    Conviction of defendant for breaking and entering in nighttime must be set aside where, in accepting plea of guilty, trial judge failed to conduct inquiry into crime and accused's participation therein and where the record shows that defendant attempted to assert that offense was committed in daytime (CL 1948, § 750.110).

Appeal from Lake, Stephens (Rupert B.), J. Submitted Division 3 December 7, 1967, at Lansing. (Docket No. 3,840.) Decided September 24, 1968.

Coleridge Taylor Mason, Jr. was convicted on a plea of guilty of breaking and entering in the nighttime. Reversed and remanded for new trial.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 486.

· *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Lew A. Kidder,* Prosecuting Attorney, for the people.

*Coleridge Taylor Mason, Jr., in propria persona.*

Levin, J.    The defendant was charged and convicted in 1960 of breaking and entering in the nighttime[1] upon his plea of guilty at the arraignment on the information.    Before accepting the plea the trial judge explained to the defendant that he was charged with breaking and entering a certain cottage in the nighttime for the purpose of committing a larceny therein and advised the defendant that a person convicted of that offense might be sent to prison for a maximum term of 15 years, to which the defendant responded:

"*A.* I understand everything.    There is a mention —the time of entering was in the daytime—not in the night.

"*Q.* You are charged with entering in the nighttime.

"*A.* I understand that."[2]

When asked how he wished to plead, the defendant stated:

---

[1] CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305).    The distinction between daytime and nighttime breaking and entering was eliminated by PA 1964, No 133.

[2] The trial judge also explained to the defendant before accepting his guilty plea that one accused of committing a criminal offense is presumed to be innocent until proven guilty by the people beyond a reasonable doubt, that an accused person has a right to plead "not guilty", have his case tried before a 12-man jury and be represented by an attorney of his own choice, that if for financial reasons he cannot afford the services of an attorney it becomes the duty of the court to appoint one for him at public expense, that if he stands mute a plea of "not guilty" will be entered for him and if he pleads "guilty" a trial will be unnecessary because a plea of guilty admits the truth of the charge.    The defendant responded that he understood the explanation of his rights and other matters covered by the judge and that he did not wish to be represented by an attorney.

"I am guilty of the charge. I am sorry it happened. I realize I violated the laws of society and am ready to make restitution any way I can."

The defendant's guilty plea was accepted and thereafter he was placed upon probation for 2–1/2 years, one of the conditions of probation being that he serve the first 60 days in the Lake county jail. Subsequently, the defendant was convicted of violating a condition of probation and he was sentenced to a term of 1–1/2 years to 15 years in State prison.

An examination of the colloquy between the trial judge and the defendant at the time he pled guilty shows the trial judge did not ascertain that the offense to which the defendant offered to plead guilty had in fact been committed by the defendant.

In *People* v. *Perine* (1967), 7 Mich App 292, 294, the record, as here, contained no examination of the accused by the trial judge respecting the facts of the crime and defendant's participation in its commission. This, said our Court, was error:

"This noncompliance with GCR 1963, 785.3(2) is fatal to the validity of the plea. Whether a defendant is represented by counsel or not such examination is required. *People* v. *Barrows* (1959), 358 Mich 267."

In *People* v. *Barrows* (1959), 358 Mich 267, 272, the Court held:

"The direct questioning of a defendant by the trial judge on plea of guilty is required by the rule for the purpose of establishing the crime and the participation therein of the person pleading guilty. This is a precaution against involuntary or induced false pleas of guilty, and against subsequent false claims of innocence."

The *Barrows* Court also observed:

"The rule is designed to require reasonable ascertainment of the truth of the plea."

In the case at bar, not only did the trial judge fail to conduct the required inquiry, it affirmatively appears the defendant asserted, or attempted to assert, that the offense occurred in the day time, not in the nighttime.[3]

The failure to have established facts showing that the defendant committed the crime to which he pled guilty makes it necessary to set aside the conviction.

Reversed and remanded for a new trial.

QUINN, P. J., and T. G. KAVANAGH, J., concurred.

---

[3] Prior to the amendment adopted in 1964 (see footnote 1) eliminating the distinction between commission of the offense during the daytime and nighttime, the possible punishment for breaking and entering in the daytime was significantly less than that for breaking and entering in the nighttime.

In *People* v. *Zwierkowski* (1962), 368 Mich 56, the Supreme Court set aside defendant's conviction for breaking and entering in the nighttime because, although the breaking and entering was clearly established, there was no evidence that it had occurred in the nighttime other than that contained in defendant's extra-judicial confession, which the Court ruled should not have been admitted as evidence prior to establishment of the *corpus delicti* independently of such confession.

In *People* v. *Frencavage* (1925), 231 Mich 242, 245, the Court set aside defendant's plea of guilty to an information which did not allege whether the breaking and entering took place in the nighttime or daytime.