PEOPLE *v*. BLEWETT

1. CRIMINAL LAW—ASSAULT WITH INTENT TO ROB BEING ARMED—
   PLEA OF GUILTY.
   Acceptance of defendant's plea of guilty to charge of assault
   with intent to rob being armed, *held*, proper where, during
   examination by the court, defendant stated, on two different
   occasions, that he wished to plead guilty and where his testi-
   mony regarding the facts of the crime clearly implicated
   him (CL 1948, §§ 750.89, 768.35).

2. CRIMINAL LAW—GUILTY PLEA—ACCEPTANCE OF PLEA.
   Trial courts, in determining validity of guilty pleas, must in-
   vestigate and be convinced of the "truth of the plea," mean-
   ing that defendant is pleading guilty because he is in fact
   guilty and that the plea was made freely and with full knowl-
   edge of the nature of the accusation and without undue in-
   fluence; where there is any doubt concerning the truth of a
   guilty plea, the court should vacate the plea, direct a plea
   of not guilty to be entered and order trial (CL 1948, § 768.35;
   GCR 785.3[3]).

3. CRIMINAL LAW—PLEA OF GUILTY—REVIEW—JUSTICE.
   The Court of Appeals reviews the entire record, not fragmen-
   tary statements taken out of context in determining whether
   a plea of guilty was voluntarily made; courts are concerned
   with substance not form, the fundamental question being
   whether there has been a miscarriage of justice.

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J. Submitted Division 1 June 5,
1969, at Detroit. (Docket No. 5,622.) Decided July

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 867.

28, 1969. Leave to appeal considered and remanded to Recorder's Court of Detroit on Supreme Court's motion, November 12, 1969. See 382 Mich 793.

James William Blewett was convicted on his plea of guilty to the offense of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: HOLBROOK, P. J., and McGREGOR and BRONSON, JJ.

PER CURIAM. Defendant, James Blewett, pled guilty to assault with intent to rob being armed. CL 1948, § 750.89 (Stat Ann 1962 Rev § 28.284). He was sentenced to a term of 10–15 years' imprisonment.

Defendant questions whether the plea of guilty was made freely, understandingly and voluntarily. He claims on appeal that he was equivocal in pleading guilty to the charge and, therefore, the court should not have accepted his plea. CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058), and GCR 785.3(2). To support this claim defendant cites the following from the transcript:

*"The Court:* Why do you want to plead guilty?
*"Defendant Blewett:* I believe that I was partially guilty.

"*The Court:* There is no such thing as 'partially guilty'; you are either guilty or you are not guilty.

"*Defendant Blewett:* Well—

"*The Court:* Do you believe you are guilty?

"*Defendant Blewett:* (No response.)

"*The Court:* You are not sure?

"*Defendant Blewett:* I am not sure.

"*The Court:* Then you are not sure that you want to plead guilty?

"*Defendant Blewett:* Yes.

"*The Court:* 'Yes', what?

"*Defendant Blewett:* I'm not sure.

"*The Court:* All right. Step back. Step aside. Let me talk with Mr. Woods."

After hearing Woods (Blewett's co-defendant) plead guilty, defendant re-addressed the court:

"*Mr. Pliskow:* Your Honor, would you reconsider talking to Mr. Blewett at this time?

"*The Court:* Mr. Blewett is a pretty intelligent individual and he tells me that he has some doubt whether or not he is guilty. If he has any doubt, whatever, I don't want him to come in here and say that he is guilty. He is entitled to be presumed innocent and he is entitled to compel the prosecution to produce the witnesses here to prove to my satisfaction that he is guilty.

"*Mr. Pliskow:* He is—

"*The Court:* (Interposing) You understand that, Mr. Blewett?

"*Defendant Blewett:* Yes, I do."

However, after further questioning of the defendant, the examining judge stated:

"*The Court:* You know what bothers me? You are still not prepared mentally to admit that you are guilty. You are still hedging and trying to make it sound as though it is not as bad as you think I might think it is.

"Now you are either coming clean and tell me everything or we go to trial. I don't want to convict

someone on a plea of guilty when he does not believe he is guilty.

\* \* \*

"*The Court:* Why don't you want to go to trial?

"*Defendant Blewett:* (No response.)

"*The Court:* It might well be the prosecution can't prove a case against you.

"*Defendant Blewett:* (No response.)

"*The Court:* Do you want to have a trial?

"*Defendant Blewett:* No, your Honor.

"*The Court:* You are sure that [*sic*] about that?

"*Defendant Blewett:* Yes, your Honor.

"*The Court:* Very well. I will accept the plea and refer the matter to the probation department."

CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058) reads:

"Whenever any person shall plead guilty to an information filed against him in any court, it shall be the duty of the judge of such court, before pronouncing judgment or sentence upon such plea, to become satisfied after such investigation as he may deem necessary for that purpose respecting the nature of the case, and the circumstances of such plea, that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence. And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered and order a trial of the issue thus formed."

GCR 1963, 785.3(2) states:

"Imposing Sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and

imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

Defendant's claim of equivocation is based upon three statements he made during the examination:

"I believe that I was partially guilty."
"I am not sure [that he wants to plead guilty]."
"I kind of feel that this [pleading guilty] is the best thing to do."

Contrasted with these equivocal remarks are two occasions during the examination where defendant stated that he wished to plead guilty.

There is no question that defendant's testimony regarding the facts of the crime clearly implicated him. He admitted that there was at least some preliminary discussion with co-defendant Woods regarding the commission of the crime. He also stated that he was to be the "look-out" and that he was the one who took the money.

CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058) requires that the trial judge be convinced of the "truth of the plea of guilty" before accepting it. In *People* v. *Dunn* (1968), 380 Mich 693, the Court, in discussing the test of a valid plea of guilty, stated (p 700):

"* * * The purpose of the court's examination as prescribed by rule is not to determine what the accused can expect the judge may do by way of disposition. The purpose is to find out if the accused is pleading guilty because he in fact is guilty, and that his plea of guilty is freely made. In the words of the statute, to determine the 'truth of such plea.' * * * "

Although defendant at. times seemed equivocal, when the proceedings are viewed as a complete entity it is clear upon the record that defendant's plea was made voluntarily. Defendant relies upon certain statements in the proceeding, but he takes them outside of their framework. When determining whether or not a plea is made voluntarily, this Court will look to the complete record and not merely fragmentary statements. The import of both the rule and the statute is that, on review, courts should be concerned with substance, not with form; that the fundamental inquiry is whether there has been a miscarriage of justice. *People* v. *Dunn, supra; People* v. *Winegar* (1968), 380 Mich 719.

Defendant has never alleged innocence. Indeed, at his sentencing, *he reaffirmed his guilt.*

Affirmed.