PEOPLE v. ROBERT LEE MOORE

CRIMINAL LAW—GUILTY PLEA—VOLUNTARINESS—ASCERTAINMENT.
A plea of guilty is invalid where the trial court fails to conduct
an inquiry into the nature of defendant's acts to ascertain
the truth of his plea and whether that plea was freely, under-
standingly, and voluntarily made, even though defendant does
not contend that the court's failure to conduct such an in-
quiry resulted in a miscarriage of justice (MCLA § 768.35;
GCR 1963, 785.3).

Appeal from Recorder's Court of Detroit, John P.
Scallen, J. Submitted Division 1 October 9, 1969, at
Detroit. (Docket No. 5,991.) Decided January 26,
1970.

Robert Lee Moore was convicted, on a plea of
guilty, of unarmed robbery. Defendant appeals.
Reversed and remanded for trial.

*Frank J. Kelley*, Attorney General, *Robert A. Der-
engoski*, Solicitor General, *William L. Cahalan*,
Prosecuting Attorney, *Samuel J. Torina*, Chief Ap-
pellate Lawyer, and *Patricia J. Pernick*, Assistant
Prosecuting Attorney, for the people.

*Edward P. Echlin*, for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 486.

Before: Fitzgerald, P. J., and McGregor and V. J. Brennan, JJ.

Per Curiam. This is a delayed appeal from a conviction of unarmed robbery.[1] On August 23, 1965, the defendant withdrew a previously entered plea of not guilty to the charge of armed robbery[2] and tendered a plea of guilty to the lesser, included offense of unarmed robbery. The trial court accepted the plea and sentenced the defendant to a prison term on September 7, 1965. Court-appointed counsel was present on both occasions.

The defendant contends that his plea is invalid because the trial court failed to conduct an inquiry into the nature of his acts to ascertain the truth of the plea. At the same time, he neither contends that the court's failure to conduct an inquiry resulted in a "miscarriage of justice," nor alleges "such facts as would, if true, substantiate a finding that there was noncompliance (with GCR 1963, 785.3) which resulted in a miscarriage of justice." See *People* v. *Winegar* (1968), 380 Mich 719, 733.

GCR 1963, 785.3, like MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058) requires the trial court to "examine the accused * * * and * * * ascertain that the plea was freely, understandingly, and voluntarily made * * * ." Included in this requirement is an inquiry into the nature of the defendant's acts to ascertain the truth of the plea. *People* v. *Barrows* (1959), 358 Mich 267. The trial court in the present case totally failed to conduct the requisite inquiry. In view of this failure, we reverse the conviction and remand the case for trial. *People* v. *Barrows, supra; People* v. *Perine* (1967), 7 Mich App 292.

---

[1] MCLA § 750.530 (Stat Ann 1954 Rev § 28.798).
[2] MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797).

We have reviewed the record and find nothing to support a conclusion that the court's noncompliance with the rule and statute was merely a technical one.   See *People* v. *Winegar, supra; People* v. *Stearns* (1968), 380 Mich 704; *People* v. *Dunn* (1968), 380 Mich 693.

Reversed and remanded.