PEOPLE *v.* SYLVESTER JOHNSON

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—DIS-
CRETION.

A motion to withdraw a plea of guilty, when first made after
conviction and sentence, addresses itself to the discretion
of the trial court and must be based upon a showing of a
miscarriage of justice.

2. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF PLEA.

Before accepting a plea of guilty a trial judge must examine
the accused for the purpose of establishing the crime and
defendant's participation in its commission; what is required
is a reasonable ascertainment of the truth of the plea (GCR
1963, 785.3[2]).

3. CRIMINAL LAW—PLEA OF GUILTY—TRUTH OF PLEA.

Before accepting a plea of guilty a trial judge must investi-
gate the circumstances of the offense and whenever the judge
shall have reason to doubt the truths of the plea of guilty,
it is his duty to vacate it, direct a plea of not guilty
to be entered and order a trial of the issue thus formed.

4. LARCENY—FROM THE PERSON—ELEMENTS OF CRIME.

An essential element of larceny from the person is that the
object be stolen from the person of another; a taking of
property from the immediate presence of the owner is insuffi-
cient (MCLA § 750.357).

5. LARCENY—FROM THE PERSON—PLEA OF GUILTY.

Claim of defendant, charged with armed robbery, that there
was no evidence of larceny from the person and, as a result,
it necessarily follows that his plea of guilty of larceny from
the person should not have been accepted and he is entitled to
a new trial, is without merit where the examination conducted,
although failing to establish an essential element of the crime

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 5–7] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[4] 50 Am Jur 2d, Larceny § 9 *et seq.*

to which defendant offered to plead guilty, permits an informed judgment that defendant was guilty of the greater offense of armed robbery (MCLA § 750.357).

6. LARCENY—FROM THE PERSON—PLEA OF GUILTY.

Once an examination of an accused, charged with armed robbery and entering a plea of guilty of larceny from the person, establishes the greater offense of armed robbery and the accused's participation in its commission further inquiry is not required, for, at that moment, the trial court has reasonably ascertained that the accused is pleading guilty because he is in fact guilty (MCLA § 750.357).

7. LARCENY—FROM THE PERSON—PLEA OF GUILTY—MISCARRIAGE OF JUSTICE.

So long as a defendant's testimony fairly establishes the greater offense of armed robbery, he is in no position to complain about the fact that his testimony negated an essential element of larceny from the person to which he pled guilty, because if there is a miscarriage of justice, under such circumstances, it runs to the benefit of defendant and to the detriment of the people (MCLA § 750.357).

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 June 16, 1970, at Detroit. (Docket No. 5,739.) Decided July 27, 1970. Leave to appeal denied October 12, 1970. 384 Mich 763.

Sylvester Johnson was convicted, on his plea of guilty, of larceny from the person. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: McGREGOR, P. J., and J. H. GILLIS and O'HARA,* JJ.

J. H. GILLIS, J. Defendant Sylvester Johnson, together with two others, was charged with armed robbery, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797), conviction of which is punishable by imprisonment for life or for any term of years. On February 14, 1968, he was convicted upon his guilty plea of the crime of larceny from the person, MCLA § 750.357 (Stat Ann 1954 Rev § 28.589). Defendant was sentenced to serve a term of from nine to ten years in prison. At both the plea and sentence proceedings defendant was represented by assigned counsel. Upon defendant's petition, the court appointed present counsel for appellate review. A post-conviction motion was presented to the trial court to set aside the plea and for a new trial which was denied on January 30, 1969. Defendant appeals, alleging as error the denial of his motion to vacate the plea.

Broadly stated, the question presented is whether the trial court abused its discretion in refusing to allow defendant to withdraw his plea. When first made after conviction and sentence, a motion to withdraw a guilty plea addresses itself to the discretion of the trial court, *People* v. *Vasquez* (1942), 303 Mich 340, and must be based upon a showing of a miscarriage of justice, *People* v. *Collins* (1968), 380 Mich 131; *People* v. *Winegar* (1968), 380 Mich 719. It is defendant's position that his motion was predicated upon such a miscarriage for the reason that a conviction of larceny from the person was not supported by the examination of defendant taken by trial court when it accepted defendant's plea.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

GCR 1963, 785.3(2), requires that if the accused pleads guilty, the court "shall inform the accused of the nature of the accusation and the consequence of his plea." Defendant does not contend that the trial court failed to meet these requirements; nor could he in this case. The transcript of the plea proceedings clearly indicates that defendant was informed of the charge against him[1] and the consequence of his plea.[2] Nor does defendant allege that his plea was involuntary.

GCR 1963, 785.3(2) also requires that before accepting a plea of guilty the trial judge must examine the accused for the purpose of establishing the crime and defendant's participation in its commission. *People* v. *Barrows* (1959), 358 Mich 267; see also MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058). What is required is "reasonable ascertainment of the truth of the plea." *People* v. *Barrows, supra,*

---

[1] We quote the relevant colloquy between the court and defendant Johnson:

"*Q.* The court is further advised  *  *  *  that you desire at this time to withdraw your former plea to the charge of robbery while being armed with a dangerous weapon, to wit, a pistol, on the 10th of October 1967, and that *you now offer to plead guilty to the offense, the lesser offense of larceny from the person.* Is that correct?

"*A.* Yes sir." (Emphasis supplied.)

Under *People* v. *Harris* (1968), 11 Mich App 394, this exchange adequately informed defendant of the nature of accusation.

[2] The relevant colloquy is as follows:

"*Q.* All right. Robbery armed, the penalty upon plea or conviction is life or any term of years *and larceny from a person, the maximum is ten years upon plea or conviction.* Do you understand that?

"*A.* Yes sir." (Emphasis supplied.)

By this exchange, the trial court adequately informed defendant of the "consequence" of his plea. *People* v. *Dunn* (1968), 380 Mich 693. It should be noted that since defendant was represented by assigned counsel, the trial judge was not required to inform defendant of his right to jury trial, although defendant was so informed in this case. See *People* v. *LaRoe* (1969), 18 Mich App 262; *People* v. *Wade* (1970), 23 Mich App 132.

We further note that *Boykin* v. *Alabama* (June 2, 1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274), has no application here, since the arraignment proceedings in this case antedated the decision in *Boykin*. This Court has not given *Boykin* retroactive effect. See *People* v. *Taylor* (1970), 383 Mich 338 (concurring opinion, BLACK, J.) and cases cited therein; *People* v. *Wade, supra.*

272. As this Court noted in *People* v. *Stewart*
(1968), 10 Mich App 553, 555, 556:

"[T]he trial judge   *   *   *   [must] investigate
the circumstances of the offense *'and whenever said
judge shall have reason to doubt the truth of such
plea of guilty, it shall be his duty to vacate same,
direct a plea of not guilty to be entered and order
a trial of the issue thus formed.'* " (Emphasis sup-
plied.)

And, in recent years, we have reversed several con-
victions based upon guilty pleas where the required
examination was not conducted. See *People* v.
*Perine* (1967), 7 Mich App 292; *People* v. *Richard
E. Johnson* (1967), 8 Mich App 204; *People* v.
*Stewart, supra; People* v. *Mason* (1968), 13 Mich
App 277; *People* v. *Combs* (1968), 15 Mich App 450;
*People* v. *Creger* (1969), 16 Mich App 59; *People* v.
*Robert Lee Moore* (1970), 21 Mich App 126; *People*
v. *Porchia* (1970), 21 Mich App 222. Defendant
contends that we should apply the teachings of such
cases, particularly *People* v. *Mason, supra,* upon
which he relies, to the facts of this case.

In *Mason* we concluded at p 280:

"The failure to have established facts showing
that the defendant committed the crime to which
he pled guilty makes it necessary to set aside the
conviction."

Mason had been convicted upon his plea of break-
ing and entering in the nighttime. His testimony,
however, negated an essential element of the crime.
It was Mason's testimony that the entry occurred
in the daytime—not at night. Likewise, in the pres-
ent case defendant's testimony under tender of his
plea indicates the absence of an essential element
of the crime of larceny from a person. We quote

the relevant portions of the colloquy between the
trial judge and defendant Johnson:

"*Q.* All right. On Tuesday, October 10 of 1967
did you go to the address of 12317 Sendon, in the
City of Detroit, Building 503, Unit 1392?
"*A.* I did.
"*Q.* Was it in the nighttime?
"*A.* Yes.
"*Q.* About what time?
"*A.* 1:30 or 2 o'clock.
"*Q.* Were you in an automobile or on foot?
"*A.* I was in an automobile.
"*Q.* Did you drive it? Were you driving it?
"*A.* No, I wasn't.
"*Q.* Were there two companions with you?
"*A.* There was.
"*Q.* Now, you went there to see a Mr. Romero?
"*A.* Yes.
"*Q.* Did you know him beforehand?
"*A.* No, I didn't.
"*Q.* Did you know anything about his sexual pro-
clivities?
"*A.* No sir, he told me over the phone.
"*Q.* Called you on the phone?
"*A.* Yes.
"*Q.* And you understood when you went there that
he was a homosexual?
"*A.* Yes.
"*Q.* All right. Now, you really weren't interested
in him, were you?
"*A.* No, I wasn't.
"*Q.* You were interested in getting something?
"*A.* Yes.
"*Q.* Money or other things of value?
"*A.* Yes.

                    *    *    *

"*Q.* All right. And did he let you in?
"*A.* He did.

"*Q*. Were you armed?

"*A*. No. I wasn't.

"*Q*. Was anyone in your group armed?

"*A*. Yes.

\*        \*        \*

"*Q*. Was he taken into a bathroom?

"*A*. He was in the bathroom, standing in the bathroom door.

"*Q*. *And while he was in there,* what did you do?

"*A*. Took things out of his apartment.

"*Q*. And these are numerated in this information, do you recall what they were?

"*A*. A stereo, some other merchandise in a box.

"*Q*. Movie camera, Polaroid Swinger camera, Kodak Instamatic camera. Does that ring a bell?

"*A*. Yes.

"*Q*. As I enumerate these?

"*A*. Yes." (Emphasis supplied.)

Johnson's testimony that Romero was in the bathroom when the property was taken establishes that the larceny in this case was not larceny "from the person," as we have construed the statutory offense. In *People* v. *Gould* (1968), 15 Mich App 83, 92, we held that the Michigan statute "calls for a taking from the person  \*  \*  \*  *i.e.,* it is an essential element of larceny from the person that the object be stolen from the person of another." What is required is that the property in question actually be taken from the person of another; a taking of property from the immediate presence of the owner is insufficient. As in *Gould,* the taking of Romero's property in this case was clearly criminal but it was not larceny from the person.

It is thus apparent, as noted by defendant in his brief, that there is no evidence of larceny from the person in the instant case. As a result, defendant suggests that it necessarily follows that his plea should not have been accepted and he is entitled to

a new trial. For reasons about to be stated, we cannot agree.

The plea proceedings, quoted *supra,* indicate that the trial judge in this case did in fact "examine the accused," as required by GCR 1963, 785.3(2). The record here evinces a good-faith effort on the part of the trial court to investigate the circumstances of the crime and defendant's participation in the criminal episode. This case is not, therefore, one in which the trial court wholly fails to conduct the required inquiry. Compare, *People v. Barrows, supra; People v. Perine, supra; People v. Combs, supra; People v. Robert Lee Moore, supra; People v. Porchia, supra.* More importantly, the examination conducted here, although failing to establish an essential element of the crime to which defendant offered to plead guilty, permits an informed judgment that defendant Johnson was guilty of the greater offense of robbery armed. Nothing in Johnson's testimony indicated that he was in fact innocent of *all* charges. Compare, *People v. Barrows, supra; People v. Richard E. Johnson, supra; People v. Stewart, supra; People v. Creger, supra;* see also Judge LEVIN's dissent in *People v. Nelson* (1969), 18 Mich App 177, 180, 182, 183. His testimony was to the contrary.

Once, as here, the examination of the accused establishes the greater offense of armed robbery and the accused's participation in its commission, further inquiry is not required. For, at that moment, the trial court has *reasonably* ascertained the truth of the plea, *i.e.,* that "the accused is pleading guilty because he in fact is guilty." *People v. Dunn* (1968), 380 Mich 693, 700. To hold otherwise would, on the facts of this case, require record testimony inconsistent with defendant's version of the facts. Such a result would undermine rather than promote

the end sought to be achieved by GCR 1963, 785.3 (2)—namely, truthful pleas.

We regard as insignificant the fact that Johnson's testimony negated an essential element of the crime to which he offered to plead guilty. So long as his testimony fairly established the *greater* offense of armed robbery, we fail to see how Johnson is in any position to complain. Compare *People* v. *Mason, supra.*[3] This conclusion is supported by *People* v. *Collins, supra.*

In *Collins,* defendants were charged with first-degree murder. They pleaded guilty and were convicted of second-degree murder, although on the evidence presented neither defendant could lawfully have been convicted of second-degree murder had they gone to trial.[4] Motions to vacate the pleas and set aside the convictions were denied by the trial court. On appeal to the Supreme Court, the defendants argued that they were not guilty of the crimes to which they so pleaded. Rather, defendants took the position that they should have been charged and tried for first-degree murder, the greater offense. The Court's response, per T. E. BRENNAN, J., is equally applicable here:

"If there is any miscarriage of justice, under these circumstances it can only be one in which the people of the State of Michigan have exacted an insufficient penalty. Putting it another way, if there has been, under these circumstances, a miscarriage of justice, it is a miscarriage which ran to the

---

3 In *Mason,* the accused's testimony established the lesser offense of breaking and entering during the daytime, punishment for which was significantly less than for the crime to which the accused pleaded guilty. This fact was expressly noted by the Court. (See 13 Mich App 277, 280, note 3.)

4 This conclusion was reached by Justices T. M. KAVANAGH, SOURIS and ADAMS in dissent. The majority did not take issue with the premise that the defendants could not have been convicted, had they gone to trial, of the crimes to which they pleaded guilty.

benefit of the defendants and to the detriment of the people. Of such a miscarriage of justice, only the people can complain." 380 Mich 131, 135.

Our recent decision in *People* v. *Pickett* (1970), 21 Mich App 246, also supports the conclusion that Johnson is in no position to challenge his plea and conviction thereon. Pickett was convicted upon his guilty plea of attempt to carry a concealed weapon, although his testimony showed consummation of the crime. We noted at 248, quoting *People* v. *Bradovich* (1943), 305 Mich 329, 332:

" ' "Such a verdict may be illogical, but the people cannot complain, and the defendant must accept it, even though less in measure than his just deserts; and least he cannot be heard to say that he has suffered injury." ' "

Likewise, we find that justice has not miscarried in this case of Johnson.

Finally, the record in this case is replete with indicia of prosecutor-defense bargaining for charge concession.[5] Such bargaining occurred notwithstanding the fact that Johnson had not taken the property from the actual person of the complaining witness. No objection was raised by Johnson's

---

[5] The trial call statement filed in this case indicates that such bargaining occurred. It contains the following notations: "By defendant's attorney: Wishes to discuss plea"; "Prosecutor's Certificate: The prosecutor will consent to a plea of guilty to larceny from the person." The trial judge also took note of such bargaining when he examined defendant Johnson. We quote the relevant colloquy between the court and Johnson:

"*Q.* The court is further advised that there has been in writing, that there was a conference between Mr. Clarence Laster, assistant prosecuting attorney, assigned to the presiding judge, and your counsel, and the officer in charge of the case, that you desire at this time to withdraw your former plea to the charge of robbery while being armed with a dangerous weapon, to wit, a pistol, on the 10 of October of 1967, and that you now offer to plead guilty to the offense, the lesser offense, of larceny from the person. Is that correct?

"*A.* Yes, sir."

counsel on this ground when the plea was tendered or at sentencing. Nor at any time did Johnson contend that the bargain struck was unfair. To the contrary, by his plea Johnson succeeded in avoiding the risk of a life sentence upon conviction for armed robbery. Under these circumstances, we find no abuse of discretion on the part of the trial judge in denying defendant's motion to vacate his plea and for new trial.

Affirmed.

All concurred.