PEOPLE v. MUCKER

CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS.

> Accepting defendant's pleas of guilty to two charges of assault
> with intent to rob being armed was proper where the trial
> judge ascertained, by direct questioning, that the robberies
> had been committed and that the defendant had participated
> in them and the defendant admitted that he was armed, that
> he produced his gun and announced the holdups; the record
> showed a factual basis for the guilty pleas.

Appeal from Recorder's Court of Detroit, William
J. Giovan, J.  Submitted Division 1 March 8, 1971,
at Detroit.  (Docket No 10376, 10377.)  Decided
April 2, 1971.

Lawrence Mucker was convicted, on his pleas of
guilty, of two charges of assault with intent to rob,
being armed.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N. Bishop,*
Assistant Prosecuting Attorney, for the people.

*Ralph Musilli,* for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 484 *et seq.*

Before: Danhof, P. J., and McGregor and Levin, JJ.

Per Curiam. The defendant, Lawrence Mucker, was charged with committing two crimes of armed robbery. MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). As to each charged offense he pled guilty to committing the crime of assault with intent to rob, being armed. MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). He was sentenced to long terms in prison and appeals.

Before accepting his pleas of guilty, the judge ascertained that the pleas were voluntarily and understandingly made, including that the defendant was aware that the offense to which he pled guilty was punishable by a life sentence. (The statute provides that the offense is punishable by imprisonment for life or for any term of years.)

By direct questioning of the defendant, the judge established the crimes and the defendant's participation in their commission. See *People* v. *Barrows* (1959), 358 Mich 267. In one of the two cases, in response to the judge's question, "What did you do?", the defendant said, "I produced a gun and announced a holdup." And in the other case, in response to questions from the judge he admitted that he committed the robbery, that he was armed, and (again the words of the defendant), "I produced the gun and announced a holdup."

The defendant's counsel suggests on appeal that, since one of the sentencing transcripts indicates that the defendant was addicted to heroin and he had been identified in at least 16 other armed robberies, the judge and the defendant may not have been speaking of the same crimes during their dialogues. That possibility does not entitle the defendant to a reversal of his convictions. The judge adequately

ascertained the truth of the pleas before accepting them; the record showed that "there is a factual basis for the defendant's plea—that upon trial he might well be convicted." *People* v. *Bartlett* (1969), 17 Mich App 205, 211. Similarly, see *People* v. *Sylvester Johnson* (1970), 25 Mich App 258.

Affirmed.