PEOPLE *v.* WILLIAM THOMAS

CRIMINAL LAW—PLEA OF GUILTY—TRUTHFULNESS OF PLEA.
A plea of guilty was improperly accepted where the defendant's testimony at the plea-taking proceeding was highly equivocal and indicated innocence and defendant denied any plan to commit a crime or that he received any of the money taken from the victim of the charged robbery.

Appeal from Recorder's Court of Detroit, Henry D. Arkison, J. Submitted Division 1 October 11,

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

1971, at Detroit.  (Docket No. 10171.)  Decided October 26, 1971.

William Thomas was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals.  Reversed and remanded for trial.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Arthur N. Bishop*, Assistant Prosecuting Attorney, for the people.

*Robert Shulman*, for defendant on appeal.

Before: Levin, P. J., and R. B. Burns and J. H. Gillis, JJ.

R. B. Burns, J.  The defendant and a codefendant, Willie Timmons, were charged with robbery armed.  MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797).  On the day set for trial the defendant pled guilty to assault with intent to rob, being armed.  MCLA § 750.89 (Stat Ann 1962 Rev § 28-.284).

On appeal the sole issue is whether the defendant's testimony was so equivocal that it was error for the trial court to accept his guilty plea.

MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058) requires the trial court to vacate a guilty plea and order a trial if he has reason to doubt the truth of the plea.  The statute reads:

"Whenever any person shall plead guilty to an information filed against him in any court, it shall be the duty of the judge of such court, before pronounc-

ing judgment or sentence upon such plea, to become satisfied after such investigation as he may deem necessary for that purpose respecting the nature of the case, and the circumstances of such plea, that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence. And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered and order a trial of the issue thus formed."

The transcript reads in part:

*"The Court:* Were you working with this other fellow?

*"Defendant Thomas:* I didn't know at the time he was going to do this, your Honor. I was in the hotel with him.

*"The Court:* We will take a short recess.

"Will counsel approach the bench.

*(Discussion off the record)*

*"The Court:* Have you had an opportunity to reflect on this matter? Are you going to tell me what you did?

*"Defendant Thomas:* Your Honor, I was there when the robbery took place. If I had wanted to stop it, I couldn't do anything about it, your Honor.

*"The Court:* What did you do?

*"Defendant Thomas:* I was just there. I just stood there.

*"Mr. Katzer* [*defense counsel*]: Did you watch it going on?

*"Defendant Thomas:* Yes, I did.

*"Mr. Katzer:* You let it go on?

*"Defendant Thomas:* There was nothing I could do to stop it.

*"Mr. Katzer:* And you were with this man?

*"Defendant Thomas:* Yes, I was.

*"Mr. Katzer:* Did you share in what was taken from the girl?

*"Defendant Thomas:* He told me to tie the girl up.

*"The Court:* Did you tie her up?

*"Defendant Thomas:* No. I brought out some towels. He told me to get some towels, so, I got some towels.

*"The Court:* Counsel would you two please approach the bench.

(*Discussion off the record*)

\*    \*    \*

*"The Court:* It happened on December 16, 1969?

*"Defendant Thomas:* Yes, your Honor.

*"The Court:* You participated in this with the other defendant; is that right?

*"Defendant Thomas:* Yes, your Honor.

*"The Court:* You went and got the towels which she was tied up with?

*"Defendant Thomas:* Yes, your Honor.

*"The Court:* And you also got some of the things that were taken from her; is that right?

*"Defendant Thomas:* I received none of the things that were taken. I told him that I didn't want any part of it."

This testimony of the defendant is highly equivocal, affirmatively raises doubts as to the truth of the plea, and presents a question for the trier-of-fact to decide. *People* v. *Richard E. Johnson* (1967), 8 Mich App 204; *People* v. *Mason* (1968), 13 Mich App 277; and *People* v. *Creger* (1969), 16 Mich App 59.

The recent case of *People* v. *Blewett* (1969), 382 Mich 793, *rev'g* 18 Mich App 327, is controlling. The only issue in that case is identical with the issue in this one. Was the defendant so equivocal in pleading guilty that the court should not have accepted his plea? This Court thought that he was not. The Michigan Supreme Court reversed without an opinion. Although Blewett was equivocal about his guilty plea, his testimony regarding the

facts of the crime clearly implicated him and he admitted that there was at least some preliminary discussion with his codefendant regarding the commission of the crime. Blewett also stated that he was the "lookout" and that he was the one who took the money. Precisely the converse is true in the present case. The defendant's testimony regarding the facts of the crime indicates innocence and he denies any plan to commit a crime or that he received any of the money taken from the victim.

Reversed and remanded for trial in accordance with MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058).

All concurred.