PEOPLE *v* DUNN

OPINION OF THE COURT

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—PLEA OF GUILTY—FACTUAL BASIS.

> A plea of guilty to a charge of assault with intent to commit murder was properly accepted even though defendant said he did not "necessarily" intend to kill the officer where he admitted that he assaulted the officer with a shotgun, intended to shoot him, and did not care what part of the officer's body he shot, because a trier of fact would have been entirely justified in returning a verdict of guilty, following a trial, based on the defendant's own words.

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 December 9, 1971,

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

at Detroit.   (Docket No. 11862.)   Decided February 25, 1972.

Mitchell Dunn was convicted, on his plea of guilty, of assault with intent to commit murder.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: LESINSKI, C. J., and LEVIN and O'HARA,* JJ.

LEVIN, J.   The defendant, Mitchell Dunn, shot a police officer with a shotgun during a struggle with the officer who was attempting to arrest Dunn. Dunn was charged with the offense of assault with intent to commit murder.   MCLA 750.83; MSA 28-.278.   His trial was interrupted when he offered to plead guilty to that offense.   His plea was accepted. He now appeals.

During the bench questioning Dunn asserted that, although he intended to shoot the officer, he did not "necessarily" intend to kill him:

"*Q.* What did you intend to do with that gun; what was in your mind to do with that gun when you were tussling with him?

"*A.* I don't understand.

"*Q.* You were tussling with the officer, weren't you?

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"*A.* Yes, sir.

"*Q.* You had the gun in your left hand?

"*A.* That's right.

"*Q.* What were you thinking to do with that gun while you were wrestling with the officer?

"*A.* To shoot him.

"*Q.* To shoot him?

"*A.* Yes.

"*Q.* Did you intend to kill him?

"*A.* Not necessarily.

"*Q.* Where did you intend to shoot him; did you shoot him where you intended to?

"*A.* I didn't have any specific spot to shoot him in.

"*Q.* What kind of gun was that?

"*A.* Sawed-off shotgun.

"*Q.* A 12-gauge sawed-off shotgun?

"*A.* Yes, sir.

"*Q.* Do you know what part of his body he was shot in?

"*A.* I know now; I didn't know at the time.

"*Q.* You had a sawed-off shotgun?

"*A.* Yes, sir.

"*Q.* You were tussling with the officer?

"*A.* Yes, I was.

"*Q.* You intended to shoot him?

"*A.* Yes, sir.

"*Q.* You shot him, and you knew you were shooting him; is that right?

"*A.* Yes, I did.

"*Q.* And you didn't care what part of his body you shot him in?

"*A.* That's right."

Dunn contends that since he did not unequivocally admit that he intended to kill the officer the judge should not have accepted his plea of guilty.

In *People* v *Rufus Williams*, 386 Mich 277 (1971), the Michigan Supreme Court recently reiterated its firm adherence to the *Barrows*[1] requirement that

---

[1] *People* v *Barrows*, 358 Mich 267 (1959).

before accepting a plea of guilty the judge must, by direct questioning of the defendant, establish the crime and the defendant's participation in its commission.

In *People* v *Bartlett,* 17 Mich App 205, 208–209 (1969), we declared:

"The court rule does not, however, require that the offense to which the defendant pleads guilty must be established beyond peradventure before the trial judge may accept a proffered plea of guilty. It requires, in the words of the *Barrows Court* (p 272), 'reasonable ascertainment of the truth of the plea.'

"Doubt as to the defendant's guilt, even if entertained by the accused person himself, does not necessarily preclude a trial judge from accepting a plea of guilty. If the trial judge, after the direct questioning of the defendant required by the court rule and *Barrows,* ascertains that there is a factual basis for the plea, that the plea is a truthful, honest plea of guilty to an offense of which the accused person might well be convicted upon trial, then the truth of the plea has been reasonably ascertained."

Similarly, see *People* v *Stoner,* 23 Mich App 598, 608 (1970).[2]

On the strength of his answers to the judge's questions, Dunn most assuredly could have been convicted of assault with intent to commit murder.[3] Dunn stated that while he was holding the shotgun he was thinking of shooting the officer, that he intended to shoot him, that he shot the officer, that he knew he was shooting him, and that when he shot the officer he did not care what part of the officer's body he shot. Even though Dunn said that he did not "necessarily" intended to kill the officer, a trier of fact—judge or jury—would have been entirely justi-

[2] See, also, *People* v *Sylvester Johnson,* 25 Mich App 258 (1970).
[3] *Cf. People* v *Morrin,* 31 Mich App 301, 311 (1971).

fied in concluding from Dunn's own words that he did assault the officer with intent to kill him. Since there was enough to support a finding or verdict of guilty following a trial, surely there was enough to support a plea of guilty.

In contrast with *People v Richard E Johnson,* 8 Mich App 204, 210 (1967), and *People v William Thomas,* 36 Mich App 589 (1971)[4], here there was no inconsistency between Dunn's statements and the finding implicit in the acceptance of his plea; at the time Dunn's plea was offered he did not assert that he did not intend to kill the officer. Nor is this a case like *People v Stoner, supra,* where the defendant Stoner denied that he had a clear recollection of what occurred when the crime was committed, or *People v Blewett,* 382 Mich 793 (1969), *reversing* without opinion *People v Blewett,* 18 Mich App 327 (1969), where the defendant Blewett stated that he was not sure whether he was guilty or wished to plead guilty.[5] *Cf. People v Anderson,* 23 Mich App 9 (1970).

After Dunn was sentenced, he moved in the trial court to withdraw his plea of guilty and proceed to a trial on the merits on the ground that his plea was induced by an unkept promise that other charges pending against him would be dropped. At the hearing on the motion Dunn, an assistant prosecuting attorney and two lawyers who represented Dunn testified.[6] The judge found that the claimed promise had not been made. We conclude on our examination of the record that the judge's finding is not clearly erroneous.

Affirmed.

---

[4] Similarly, see *People v Mason,* 13 Mich App 277 (1968); *People v Creger,* 16 Mich App 59 (1969). See, also, *People v Sylvester Johnson, supra; People v Collins,* 380 Mich 131 (1968).

[5] Blewett's plea was accepted when he stated that he was sure he did not want to go to trial.

[6] See *People v Melvin Harris,* 36 Mich App 231 (1971).

Lesinski, C. J., concurred.

O'Hara, J. (*concurring*).   I concur in the result reached by Judge Levin.

The examination of the defendant before his plea was accepted complied fully with all requirements, constitutional, statutory, court rule, and the recent requirements of *People* v *Rufus Williams,* 386 Mich 277 (1971).

I agree that the evidentiary hearing on the motion to withdraw his plea on the ground of an unkept promise relating to dropping other charges pending against him supplied ample basis to support the finding of the trial judge that such promise was not made.

I limit my decisional holding to the foregoing two issues and for the reasons I have stated herein.